IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NESTOR OBREGON PEREZ, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONTINUE <br><br><br> Case No. 2:13-CR-532 TS <br><br> District Judge Ted Stewart |

The United States moves to continue the March 10, 2014 trial because additional time is needed in order for the government to obtain what the government considers to be potentially significant evidence in this case. The government is awaiting a data extraction from an iPhone recovered from Defendant Nestor Obregon Perez ("Perez") and potential DNA evidence recovered from the crime scene. Defendant opposes the continuance.

## I. DISCUSSION

The Court considers several factors in determining whether a continuance is warranted:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance.[1]

Here, the government has potentially significant evidence in the case that has not been fully analyzed. The government retrieved a locked iPhone from defendant but was unable to recover data via standard forensic analysis. The government has sent the iPhone to Apple, Inc.,

---

[1] *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

1

to assist in recovering the data from the phone.  The data extraction was scheduled to begin the week of February 3, 2014, but the data extraction results are not yet available.  Apple, Inc., is aware of the upcoming trial date.

The government is also awaiting DNA testing results of toothbrushes and disposable razors recovered from the crime scene.  Those results are also not yet available.  However, the crime lab has indicated that the chances of getting results prior to the trial are good.

A.  DILIGENCE

The government appears to have been diligent in seeking both the iPhone data extraction and the DNA results.

B.  USEFULNESS OF THE CONTINUANCE

The government claims a modest continuance would allow both the data extraction and the DNA evidence to be processed so that this information does not come to light right before trial.  However, it appears that both the data extraction and the DNA analysis will be completed in advance of trial.  The government is concerned that the Defendant may seek a continuance once this analysis is complete.  But the parties would have a difficult time showing prejudice because both parties know that this evidence is forthcoming.  This factor weighs against a continuance.

C.  INCONVENIENCE

Defendant opposes this Motion on the grounds that he would like to exercise his right to a speedy trial.  He wants to proceed to trial on March 10, 2014, despite knowing the iPhone data and DNA analysis is expected to come to light just before trial.  The government argues that failing to grant a continuance would increase the likelihood of significant evidentiary issues and

motions in limine right before trial. The Court is prepared to handle the evidentiary issues as they arise and will ensure that both parties have adequate time to prepare for trial.

A continuance at this point would also disrupt the Court's schedule. The Court has already set aside the time to travel to St. George to try this case. Because of the Court's schedule, if the Motion to Continue were granted, this trial would have to be moved to Salt Lake City. Moving the trial would inconvenience the attorneys, Defendant, and especially the potential witnesses who would find themselves having to travel hundreds of miles to the trial. This factor weighs against granting a continuance.

D. NEED AND PREJUDICE

Finally, the Court considers the need asserted for the continuance and the harm the moving party might suffer as a result of the Court's denial of the continuance. Again, the evidence will likely be processed before trial. Further, it appears that the evidence may be of limited probative value, based on the Court's current understanding of the case. Therefore, this factor weighs against granting the continuance.

II. CONCLUSION

It is therefore

ORDERED that the government's Motion to Continue (Docket No. 30) is DENIED.

DATED this 21st day of February, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge