IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, v. NESTOR OBREGON PEREZ, Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13-CR-532 TS<br><br>District Judge Ted Stewart |
|---|---|

The matter before the Court on the Government's Cautionary Notice of Rule 404(b) Evidence. In its Notice, the government "provides cautionary notice regarding its intent to use certain evidence potentially subject to Federal Rule of Evidence 404(b) during its case-in-chief."[1] At issue is the admissibility of statements made by Defendant to S.H. approximately three years prior to Defendant's arrest.[2] Specifically, S.H. is expected to testify about statements Defendant made to S.H. in which Defendant indicated an interest in cultivating marijuana on the mountainside above the ranch where S.H. lives.[3]

The first issue presented by the government's Notice is whether the evidence at issue is properly considered 404(b) evidence. Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith."[4] However, 404(b) does not apply to evidence of other acts when that

---

[1] Docket No. 46, at 1.
[2] *Id.* at 1–2.
[3] *Id.* at 5.
[4] Fed. R. Evid. 404(b).

evidence is intrinsic to the crime charged.[5] "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."[6] Thus, if evidence is "part and parcel of the proof of the offense charged" in the information, Rule 404(b) cannot be the basis for its exclusion.[7]

The government argues that the 404(b) evidence at issue here is inextricably intertwined with the proof of the crime charged and even if not, it is admissible as 404(b) evidence demonstrating plan, preparation, and intent. The Defendant has not responded to the government's Notice.

In *United States v. Hall*, the Tenth Circuit held that a government witness's testimony of prior interaction with the defendant was inextricably intertwined with the defendant's charged drug trafficking crime.[8] In that case, the witness testified that he was introduced to the defendant a year before the charged crime, for the purpose of conducting a drug transaction.[9] During that transaction, the defendant indicated a willingness to assist in future drug trafficking activity.[10] Less than a year later, the defendant was arrested while traveling with the witness in a vehicle with four kilograms of cocaine.[11] The Tenth Circuit noted that "[t]his initial interaction and drug

---

[5] *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010).

[6] *United States v. Hall*, 508 F. App'x 776, 779 (10th Cir. 2013) (quoting *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)).

[7] *Ford*, 613 F.3d at 1267.

[8] *Hall*, 508 F. App'x at 779.

[9] *Id.*

[10] *Id.* at 777.

[11] *Id.* at 779.

deal is directly connected to the factual circumstances of the charged crime and provides contextual or background information as to how it came to be that [the witness] contacted the defendant to make the drug run."[12] The Tenth Circuit further noted that "[e]vidence of this prior interaction was necessary to provide the jury with the background and context of how [the defendant] was involved with [the witness], the nature of their relationship, and why he was riding in the [vehicle] with [the witness] on [the date he was arrested]."[13]

Similarly, Defendant Perez had a prior interaction with S.H. in which Defendant made statements regarding his interest in cultivating marijuana on the mountainside above the ranch where S.H. lived. Perez's conversation with S.H. about Perez's interest in cultivating marijuana is directly connected to the factual circumstances of the charged crime, and similarly, evidence of this prior interaction is necessary to provide the jury with the background and context for the conduct at issue in this case. Without context to Defendant's and S.H.'s relationship, S.H.'s testimony could be confusing and incomplete.

Intrinsic evidence may still be excluded under Rule 403 if its "probative value is substantially outweighed by the danger of unfair prejudice."[14] In this case, however, because Defendants statements were specific to cultivating marijuana on the very mountainside where defendant was observed in a marijuana grow just a few years later, the statements are highly probative. While S.H.'s testimony may be prejudicial, the Court cannot find that the probative value of this testimony is substantially outweighed by the danger of unfair prejudice.

---

[12] *Id.*

[13] *Id.* at 779–80.

[14] *Ford*, 613 F.3d at 1268.

3

The Court therefore finds that Perez's conversation about growing marijuana in the mountains above S.H.'s ranch, three years prior to Defendant's arrest, is intrinsic evidence.

Even if not intrinsic, the statements are nevertheless admissible under Rule 404(b). Rule 404(b) evidence may be admitted when: 1) the evidence is offered for a proper purpose; 2) the evidence is relevant; 3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and 4) the trial court, upon request, instructs the jury of the evidence's proper purpose.[15]

Rule 404(b) lists "motive, opportunity, intent, preparation, plan, knowledge, identity, [or] absence of mistake or accident" as proper purposes.[16] The charge in the instant case is the manufacture of marijuana by cultivation and the government expects Defendant to claim he knew nothing of the marijuana operation, possessed no plan to cultivate marijuana, and did not knowingly associate himself with the marijuana growing operation. Defendant's comments to S.H. potentially demonstrate that Defendant intended to cultivate marijuana and had potentially planned and prepared to do so for approximately three years. Therefore, the Court finds that the evidence is being offered for a proper purpose, namely intent, preparation, plan, knowledge, and lack of mistake.

As previously noted, the evidence is relevant and highly probative. This evidence is probative of the relationship between Defendant and S.H. It is also probative of Defendant's desire to plant marijuana in the location in which he was arrested. The probative value of the evidence is not substantially outweighed by its potential for unfair prejudice. The Court will, at

---

[15] *United States v. Easter*, 981 F.2d 1549, 1554 (10th Cir. 1992) (citing *Huddleston v. United States*, 405 U.S. 681, 691–92 (1988)).

[16] Fed. R. Evid. 404(b).

Defendant's request, give the jury a limiting instruction to ensure the evidence will be used only for its proper purpose.

It is therefore

ORDERED that Defendant's conversation with S.H. three years prior to his arrest is admissible for the reasons set forth above.

DATED this 7th day of March, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge